UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

                         Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           03-CV-0578(JS)(ARL)
HOWARD SALTEN and MARGARET SALTEN, and
if not living their heirs-at law, if
any, PATRICIA SALTEN also known as
Patricia Lynch, and JOHN DOE #1
through #10,

                         Defendants.
---------------------------------------X
APPEARANCES
For Plaintiff:       Thomas A. McFarland, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, NY 11788

For Defendants:
Howard Salten        Howard Salten, pro se
                     P.O. Drawer 5066
                     Southampton, NY 11969

For remaining        No appearances.
Defendants

SEYBERT, District Judge:

        Pending before the Court is: (1) Plaintiff United States

of America's (the "Government") motion for reconsideration of this

Court's Order denying its motion to amend its Complaint to

substitute a new party for Defendant Margaret Salten (Docket Entry

114) and (2) Defendant Howard Salten's cross-motion to vacate the

judgment and permit him to file an amended answer (Docket Entry

123).  For the following reasons, both motions are DENIED.

DISCUSSION

I.   The Government's Motion for Reconsideration

On April 29, 2013, this Court denied the Government's motion to amend the Complaint in this action, on the grounds that judgment had already been entered in favor of the Government and the case closed.  (Docket Entry 112.)  The Government moves for reconsideration of that Order, arguing that "the Court overlooked the fact that although summary judgment had been granted against Mr. Salten, judgment had not been granted against any other defendant, therefore the judgment against Howard Salten was not a final judgment."  (Gov't Mot., Docket Entry 114, at 1.)  According to the Government, "a motion to vacate a judgment under Fed. R. Civ. P. 60(b) is only available when it involves a final judgment" (id. at 1-2); thus, the Government argues that the Court erred in denying its motion to amend.

The Court will first discuss the applicable standard of review before reviewing the merits of the Government's motion.

A.   Standard of Review

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court."  Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions

2

or data that the court overlooked and that might reasonably be
expected to alter the conclusion reached by the court." In re
Optimal U.S. Litig., 886 F. Supp. 2d 298, 311-12 (S.D.N.Y. 2012)
(internal quotation marks and citations omitted); see also Virgin
Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d
Cir. 1992) ("The major grounds justifying reconsideration are an
intervening change of controlling law, the availability of new
evidence, or the need to correct a clear error or prevent manifest
injustice." (internal quotation marks and citation omitted)).
"Reconsideration of a court's previous order is an extraordinary
remedy to be employed sparingly in the interests of finality and
conservation of scarce judicial resources." Parrish v. Sollecito,
253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal quotation marks
and citation omitted).

    B.   Analysis

       Although the Government asserts in its moving papers
that judgment was only entered against Mr. Salten, the record
reflects otherwise.  The judgment, dated April 19, 2007, states in
its entirety as follows:

> An Order of Honorable Joanna Seybert, United
> States District Judge, having been filed on
> April 10, 2007, adopting the Report and
> Recommendation of Magistrate Judge Arlene R.
> Lindsay, dated January 29, 2007, that judgment
> be entered in favor of the plaintiff and
> against the defendants in the amount of
> $52,863.56 plus interest at a rate of $7.83

3

daily from February 1, 2005 to date, in the
amount of $6,318.81, it is

ORDERED AND ADJUDGED that judgment is entered
in favor of the plaintiff and against <u>the</u>
<u>defendants</u> in the amount of $52,863.56 plus
interest at a rate of $7.83 daily from
February 1, 2005 to date, in the amount of
$6,318.81.

(Judgment, Docket Entry 102 (emphasis added).)  After judgment was

entered, the case was closed.

Thus, contrary to the Government's argument, judgment

has been entered in this action against <u>all</u> defendants,[1] not just

Mr. Salten, and the judgment was final.  Accordingly, the

Government's motion for reconsideration is DENIED.

II.  <u>Mr. Salten's Motion to Vacate</u>

Mr. Salten has cross-moved to vacate the judgment and

file an amended answer on the grounds of newly discovered evidence.

(Docket Entry 123.)  The Government argues that such motion is

---

[1] To the extent that the Government believes that this may have
been a clerical mistake, it may file a motion to amend the
judgment under Rule 60(a) of the Federal Rules of Civil
Procedure.

Nonetheless, even if the judgment had only been entered against
Mr. Salten, Rule 54(b) of the Federal Rules of Civil Procedure
provides that "[w]hen an action presents more than one claim for
relief--whether as a claim, counterclaim, crossclaim, or third-
party claim--or when multiple parties are involved, the court
may direct entry of a <u>final judgment</u> as to one or more, but
fewer than all, claims or parties . . . ." FED. R. CIV. P. 54(b)
(emphasis added).  Thus, the Government's argument that the
judgment against Mr. Salten was not "final" because claims
against other defendants remained, is without merit.

time-barred.  The Court agrees.  Motions for reconsideration under Local Civil Rule 6.3 must be filed within fourteen days of the entry of judgment, E.D.N.Y. LOCAL CIV. R. 6.3, motions to amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure must be filed within twenty-eight days of the entry of judgment, FED. R. CIV. P. 59(e), and motions for relief from judgment on the grounds of newly discovered evidence under Rule 60(b) must be filed within one year of judgment, FED. R. CIV. P. 60(c)(1).

Here, judgment was entered on April 19, 2007, and Mr. Salten did not file his motion until more than six years later on July 11, 2013.  Accordingly, his motion is DENIED as time-barred.

CONCLUSION

For the foregoing reasons, the Government's motion for reconsideration and Mr. Salten's motion to vacate are both DENIED. Counsel for the Government is ORDERED to serve a copy of this Memorandum and Order on the pro se Defendants and file proof of service within seven (7) days.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September 30, 2013
         Central Islip, NY