```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,

     -against-

HOWARD SALTEN and MARGARET SALTEN
and if not living their
HERIRS-AT-LAW, IF ANY; PATRICIA
SALTEN aka PATRICIA LYNCH; "JOHN DOE        MEMORANDUM & ORDER
#1" through "JOHN DOE #10" inclusive,       03-CV-0578(JS)(ARL)
such names being fictitious and
unknown to plaintiff, the persons or
parties intended being tenants,
occupants, persons, corporations,
or other legal entities, if any,
having or claiming an interest in or
lien upon the premises described in
the complaint, 215 Little Fresh Pond
Road, Southampton, New York,

                        Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Thomas A. McFarland, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, NY 11722

For Defendants
Howard Salten:     Howard Salten, pro se
                   P.O. Drawer 5066
                   Southampton, NY 11969

Margaret Salten:   No appearances.

Patricia Salten:   No appearances.
```

SEYBERT, District Judge:

Pending before the Court are: (1) plaintiff United States of America's (the "Government") motion to correct the

judgment entered in this action on April 19, 2007 (Docket Entry 128); and (2) pro se defendant Howard Salten's ("Defendant" or "Mr. Salten") cross-motion to vacate the judgment and for leave to file an amended answer (Docket Entry 134).  For the following reasons, the Government's motion to correct the judgment is GRANTED, and Mr. Salten's cross-motion to vacate the judgment and for leave to file an amended answer is DENIED.

BACKGROUND

The Court presumes familiarity with the facts and procedural history of this case.  Briefly, however, this is a foreclosure action related to premises located at 215 Fresh Pond Road in Southampton, New York.  Defendant Patricia Salten executed a promissory note and mortgage for the property in favor of the Farmers Home Administration, an agency of the United States now known as Rural Development.  Mr. Salten and his former spouse, Defendant Margaret Salten, later assumed the mortgage and the underlying promissory note when they bought the property from Patricia Salten.  Mr. Salten answered the Complaint on September 16, 2004.  (Docket Entry 53.)  No other Defendant answered or otherwise appeared in the action.

By Memorandum and Order dated October 25, 2006, this Court granted the Government's motion for summary judgment against Mr. Salten.  (Docket Entry 98.)  On April 19, 2007, the Clerk of the Court entered a judgment against all Defendants, even though

2

the Government had only moved against Mr. Salten (the "April 19, 2007 Judgment"). (Docket Entry 102.)

On May 24, 2007, Mr. Salten appealed the April 19, 2007 Judgment to the Second Circuit. (Docket Entry 104.) The Government moved to dismiss the appeal, arguing that the judgment was not final. On June 24, 2008, the Second Circuit denied the Government's motion to dismiss without stating its reason for the denial, but also dismissed Mr. Salten's appeal because he did not present any "arguably meritorious issue[s]." (Mandate, Docket Entry 107.)

According to the Government, when it began to prepare a motion for judgment of foreclosure and sale against the remaining Defendants, it learned that Brookhaven Memorial Hospital, which had not been named as a defendant herein, had a lien on the property against Mr. Salten. (Pl.'s Br., Docket Entry 129, at 4.) The Government also learned that Farmers Home Administration had released Defendant Patricia Salten from liability on the mortgage and promissory note when she sold the property to Mr. Salten and Margaret Salten. (Pl.'s Br. at 4.) Thus, on April 5, 2013, the Government filed a motion for leave to amend the Complaint to include Brookhaven Memorial Hospital as a necessary party and to remove Patricia Salten as a defendant so that the Government could foreclose on the property. (Docket Entry 108.)

3

On April 29, 2013, this Court denied the Government's motion to amend the Complaint in this action, on the grounds that judgment had already been entered in favor of the Government and the case closed. (Docket Entry 112.) On May 14, 2013, the Government moved for reconsideration of that Order, arguing that "the Court overlooked the fact that although summary judgment had been granted against Mr. Salten, judgment had not been granted against any other defendant, therefore the judgment against Mr. Salten was not a final judgment." (Pl.'s Br., Docket Entry 115, at 1.)

By Memorandum and Order dated September 30, 2013, the Court denied the Government's motion for reconsideration because the April 19, 2007 Judgment had been entered in this action against all Defendants, not just Mr. Salten, thus making the judgment final. United States v. Salten, No. 03-CV-0578, 2013 WL 5460632, at *2 (E.D.N.Y. Sept. 30, 2013). However, the Court also stated that "[t]o the extent that the Government believes that this may have been a clerical mistake, it may file a motion to amend the judgment under Rule 60(a) of the Federal Rules of Civil Procedure." Id. at *2 n.1.

The Government then filed the present motion to correct the April 19, 2007 Judgment so that it would be as against Mr. Salten only. (Docket Entry 128.) Mr. Salten did not oppose the Government's motion. Instead, he filed a cross-motion to vacate

4

the April 19, 2007 Judgment and for leave to file an amended answer. (Docket Entry 134.)

DISCUSSION

I. The Government's Motion to Correct the Judgment

The Government moves to correct the April 19, 2007 Judgment pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, which provides in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). "The general purpose of Rule 60(a) is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court." Fortune v. Grp. Long Term Disability Plan for Emps. of Keyspan Corp., No. 08-CV-1017, 2009 WL 8660097, at *2 (E.D.N.Y. Sept. 12, 2009) (internal quotation marks and citation omitted). Accordingly, "'[a] motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made.'" Id. (alteration in original) (quoting Hodge v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001)). There is no time limit for making a motion under Rule 60(a). See Metso Minerals, Inc. v. Powerscreen Int'l Distribution Ltd., 297 F.R.D. 213, 217 (E.D.N.Y. 2014), aff'd sub nom., Metso Minerals Inc. v. Terex Corp., --- F. App'x ----, 2014 WL 6783025 (Fed. Cir. Dec. 3, 2014).

5

Here, the Government previously moved for summary judgment against Mr. Salten only, and the Court granted summary judgment against Mr. Salten only. (See Docket Entry 98.) However, the Clerk of the Court entered judgment against all Defendants. This did not accurately reflect the intentions of the Court, and the Government will be unable to foreclose on the property at issue if Brookhaven Memorial Hospital is not a party to this action. See Polish Nat'l Alliance of Brooklyn, U.S.A. v. White Eagle Hall Co., 98 A.D.2d 400, 403, 470 N.Y.S.2d 642, 646 (2d Dep't 1983) (stating that "persons holding title to the premises or acquiring any right to or lien on the property subsequent to the mortgage should be made defendants in the foreclosure action").[1] Accordingly, the Government's motion to correct the April 19, 2007 Judgment so that the judgment is against Mr. Salten only is GRANTED.

II. Mr. Salten's Motion to Vacate and for Leave to File an Amended Answer

Mr. Salten has cross-moved to vacate the April 19, 2007 Judgment and for leave to file an amended answer on the grounds of newly discovered evidence. (Docket Entry 134.) Mr. Salten made

---

[1] The Government will have to move to amend the Complaint to include Brookhaven Memorial Hospital as a party to this action. This Memorandum and Order should not be construed as adjudicating the merits of any such motion.

6

a similar motion on July 10, 2013, which the Court denied as time-barred. Salten, 2013 WL 5460632, at *2. As the Court explained:

> Motions for reconsideration under Local Civil Rule 6.3 must be filed within fourteen days of the entry of judgment, motions to amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure must be filed within twenty-eight days of the entry of judgment, and motions for relief from judgment on the grounds of newly discovered evidence under Rule 60(b) must be filed within one year of judgment.
>
> Here, judgment was entered on April 19, 2007, and Mr. Salten did not file his motion until more than six years later on July 11, 2013. Accordingly, his motion is DENIED as time-barred.

Id. (citations omitted). The Court DENIES Mr. Salten's current motion for the same reasons.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the foregoing reasons, the Government's motion to correct the April 19, 2007 Judgment (Docket Entry 128) is GRANTED;

7

and Mr. Salten's motion to vacate and for leave to file an amended answer (Docket Entry 134) is DENIED.  The Clerk of the Court is directed to amend the April 19, 2007 Judgment so that the judgment is against Mr. Salten only.

						SO ORDERED.


						/s/ JOANNA SEYBERT
						Joanna Seybert, U.S.D.J.

Dated:	March  26 , 2015
		Central Islip, New York