```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,          MEMORANDUM & ORDER
                                             03-CV-0578 (JS)(ARL)
        -against-

HOWARD SALTEN, MARGARET SALTEN, and if
not living their heirs-at-law, if any,
PATRICIA SALTEN, also known as
PATRICIA LYNCH, JOHN DOES #1-10,
inclusive, such names being fictitious
and unknown to Plaintiff, the persons or
parties intended being tenants, occupants,
persons, corporations, or other legal
entities, if any, having or claiming an
interest in or lien upon the premises
described in the Complaint,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Mary M. Dickman, Esq.
                        United States Attorneys Office
                        Eastern District of New York
                        271 Cadman Plaza East
                        Brooklyn, NY 11201

For Defendants
Howard Salten:          Howard Salten, pro se
                        P.O. Drawer 5066
                        Southampton, NY 11969

Margaret Salten:        No appearance

Patricia Salten:        No appearance

SEYBERT, District Judge:
```

Presently pending before the Court is Magistrate Arlene R. Lindsay's Report and Recommendation dated February 17, 2017,

(the "R&R," Docket Entry 146). For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

The Court presumes familiarity with the factual and procedural history of this matter, which is set forth in the R&R. Briefly, this is a foreclosure action related to premises located at 215 Little Fresh Pond Road, Southampton, New York (the "Premises"). (March 2015 Order, Docket Entry 136, at 2.) Defendant Patricia Salten ("Patricia") executed a promissory note and mortgage for the Premises in favor of Farmers Home Administration, a United States agency now known as Rural Development. (Order at 2.) Defendant Howard Salten ("Howard") and his former spouse, defendant Margaret Salten ("Margaret"), later purchased the Premises from Patricia and assumed the mortgage and underlying promissory note. (Order at 2.) Howard is the only defendant who answered the Complaint in this action. (Order at 2.)

On October 25, 2006, the Court granted the Government's motion for summary judgment against Howard. (See Docket Entry 98.) On April 19, 2007, judgment was entered against all Defendants, even though the Government had only moved against Howard. (Judgment, Docket Entry 102.) Motion practice ensued and on March 26, 2015, the Court granted the Government's motion to amend the judgment to reflect that it is against Howard only. (See

March 2015 Order.)  On March 31, 2015, the Clerk of the Court entered an amended judgment against Howard.  (Am. J., Docket Entry 137.)

On June 3, 2016, the Government filed a motion seeking an Order: (1) dismissing Patricia and John Does #1-10 from this action pursuant to Federal Rule of Civil Procedure 41(a)(2), (2) joining Brookhaven Memorial Hospital ("Brookhaven") as a necessary defendant, (3) amending all papers, pleadings, and proceedings accordingly, (4) entering a default judgment against Margaret and Brookhaven, and (5) appointing a Master to sell the Premises in one parcel.  (Pl.'s Mot., Docket Entry 139.)  The Government alleges that it is owed a total of $90,561.54 as of May 25, 2016, with interest continuing to accrue upon both the principal amount and the advances.  (Pl.'s Br., Docket Entry 139-5, at 8.)

On October 6, 2016, the Court referred Plaintiff's motion to Judge Lindsay for a report and recommendation.  (Referral Order, Docket Entry 144.)  On February 17, 2017, Judge Lindsay issued her R&R.  Judge Lindsay recommends that the Court dismiss this matter against Patricia and John Does #1-10, add Brookhaven as a necessary party, and enter a default judgment against Margaret and Brookhaven.  (R&R at 1-2.)  Judge Lindsay also recommends that in light of Howard and Margaret's joint and several liability pursuant to the promissory note and mortgage, "rather than enter a separate judgment against Margaret [ ], an amended judgment be

3

entered that includes Margaret [ ] and accounts for the additional interest and advances that accrued." (R&R at 8.) Finally, Judge Lindsay recommends that the Court deny the Government's request that a special master be appointed and instead direct the United States Marshal Service to sell the Premises. (R&R at 10.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Lindsay's R&R (Docket Entry 146) in its entirety. The Government's motion (Docket Entry 139) is GRANTED IN PART and DENIED IN PART.

4

The Court GRANTS the Government's motion to the extent it requests the dismissal of defendants Patricia Salten and John Does #1-10, joinder of Brookhaven Memorial Hospital as a necessary defendant, and entry of a default judgment against defendants Margaret Salten and Brookhaven Memorial Hospital.  The Government's motion is DENIED to the extent it requests the appointment of a special master to sell the Premises.  The United States Marshal Service shall conduct the sale of the Premises.

The Government is directed to submit a proposed Judgment of Foreclosure and Sale that conforms to the Court's directives within thirty (30) days of the date of this Memorandum and Order. The Government is also directed to serve a copy of this Memorandum and Order on Defendants and file proof of service on ECF within fourteen (14) days.

The Clerk of the Court is directed to TERMINATE Patricia Salten and John Does #1-10 as defendants in this action.  The Clerk of the Court is further directed to amend the caption to reflect the addition of Brookhaven Memorial Hospital as a defendant in this action.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:　　March __10__, 2017  
　　　　　Central Islip, New York