UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

- against -

HOWARD SALTEN, MARGARET SALTEN,
and if not living their heirs-at-law, if any, and
BROOKHAVEN MEMORIAL HOSPITAL,

                Defendants.
------------------------------X

ORDER

JUDGMENT OF
FORECLOSURE AND SALE

Civil Action No.
CV-03-0578
(Seybert, J.)
(Lindsay, M.J.)

**FILED
CLERK**

1/10/2018 3:57 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

On the Summons and Complaint filed herein on February 5, 2003; on the Notice of Pendency filed in the Office of the Clerk of Suffolk County on February 25, 2003, which was extended, by Court order, to and including February 25, 2009; on the successive Notice of Pendency Office of the Clerk of Suffolk County on February 16, 2016; on the annexed Declaration of MARY M. DICKMAN, Assistant United States Attorney, executed on May 27, 2016; on the Affidavit of Jennifer R. Jackson, Single Family Housing Program Director for the Rural Development division of the USDA, sworn to on May 15, 2016; on the return of service on Defendant Margaret Salten, who did not file a notice of appearance; on the Stipulation between the United States and Brookhaven Memorial Hospital, by and through its attorney, pursuant to which Brookhaven Memorial Hospital appears in the instant action; on the Report and Recommendation of Magistrate Judge Lindsay entered on February 17, 2017, on the Memorandum and Order entered on March 10, 2017, and upon all of the proceedings had herein, the Court finds that:

This action was brought to foreclose a mortgage on real property situated in the County of Suffolk.

The entire balance of the principal sum secured by said Mortgage, $16,783.46, with interest and with carrying charges expended by the Plaintiff, is now due and payable.

Defendants Margaret Salten and Brookhaven Memorial Hospital have been duly served with the Summons and Complaint, have been served by publication or have stipulated to waive service. The time to answer or move with respect to the Complaint has expired as to Defendants Margaret Salten and Brookhaven Memorial Hospital, and the extended period to answer or appear by order of this court has expired. No answer or motion directed to the Complaint has been interposed by or on behalf of Margaret Salten or Brookhaven Memorial Hospital. Neither Margaret Salten nor Brookhaven Memorial Hospital are an infant, incompetent or absentee. Accordingly, Defendants Margaret Salten and Brookhaven Memorial Hospital are in default.

A Notice of Pendency and a successive Notice of Pendency containing all of the particulars required by law has been duly filed as aforesaid.

The mortgaged premises should be sold in one parcel.

The principal amount computed by the Court to be due to the Plaintiff on the bond and mortgage described in the Complaint is now $16,783.46, with interest thereon as of November 28, 2017, in the amount of $35,560.55; plus advances, including taxes, appraisals and insurance in the amount of $22,045.22, with interest thereon as of November 21, 2017, in the amount of $20,934.28, amounting in all to the sum of $95,323.51.

NOW, on motion of the Plaintiff, the United States of America, it is

2

ORDERED AND ADJUDGED, that the default of Defendants MARGARET SALTEN and BROOKHAVEN MEMORIAL HOSPITAL be, and the same hereby is, noted; and it is further

ORDERED AND ADJUDGED, that the Plaintiff have judgment herein for the sum of $95,323.51, with interest from November 28, 2017, through the date of entry of this Judgment of Foreclosure and Sale at the rate of $8.63 per day, and with interest thereafter at the legal rate; and for the sum of $1,013.12, as taxed by the Court for the costs and disbursements of plaintiff in this action, with interest as aforesaid, and it is further

ORDERED AND ADJUDGED, that the mortgaged premises described in the Complaint and as hereinafter described, be sold in one parcel, subject to the following: any states of facts that an accurate survey may show; easements, covenants, restrictions or reservations of record, if any; zoning restrictions and any amendments thereto according to law, and now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and without any apportionments or adjustments; at public auction to be held in the lobby ~~Room~~ of the United States District Court, Eastern District of New York, Long Island Federal Courthouse, 100 Federal Plaza, Central Islip, New York by and under the direction of Bryan Mullee, the United States Marshal for the Eastern District of New York (the "Marshal"); that ~~the Marshal~~ Plaintiff give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in the Suffolk edition of Newsday, a daily newspaper, once a week for at least four weeks prior to the sale, pursuant to 28 U.S.C. § 2002; ~~that Plaintiff or a governmental agency thereof or any other party to this~~

that the Marshal give public notice of the time and place of said sale by posting a physical notice of the sale in three (3) public locations in Suffolk County, NY, at least four (4) weeks prior to the sale; that Plaintiff or a governmental agency thereof or any other party to this action may become the purchaser at such sale;

3

~~action may become the purchaser at such sale,~~ that in the event Plaintiff or such governmental agency shall become the purchaser at the said sale it shall not be required to make any deposit thereon; that the Marshal execute and deliver to the purchaser at such sale a deed of the premises sold; that the Marshal on receiving the proceeds of sale forthwith pay therefrom the taxes, assessments, water rates or sewer rents and other encumbrances which at the time of sale are or may become liens on the premises at the time of sale; that the Marshal then deposit the balance of said proceeds of sale in <ins>the U.S. Marshals Service Civil Fund</ins>

_____, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

    1st: The cost of advertising the sale to the United States Attorney's Office for the Eastern District of New York, along with such other costs necessary to the foreclosure sale as may have been paid by the United States Attorney's Office for the Eastern District of New York;

    2nd : The sum of $1,013.12 to the Plaintiff, adjudged as aforesaid to the Plaintiff for its costs and disbursements in this action, with interest from the date hereof; and also the sum of $95,323.51, the amount computed by the Court and adjudged to plaintiff as aforesaid, with interest from November 28, 2017, to the date of the entry of this Judgment of Foreclosure and Sale at the rate of $8.63 per day, and at the legal rate thereafter, and also the amount of any sums expended by the Plaintiff, after November 28, 2017, for taxes, assessments, water rates and sewer rents and

4

other encumbrances, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

The Marshal shall take the receipt of the Plaintiff or its attorney for the amounts paid as directed in item "2nd" and shall file it with his report of sale. The Marshal shall deposit the surplus moneys, if any, less his commission, pursuant to the schedules set forth in 28 U.S.C. § 1921 and 28 C.F.R. 0.114, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff or such governmental agency, and a valid assignment thereof be filed with the Marshal, the Marshal shall not require the Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to the Plaintiff or such government agency a deed of the premises sold. The Plaintiff or such governmental agency shall pay the amount specified above in items marked "1st" and also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents, other encumbrances and interest and penalties thereon, if any. The Marshal shall apply the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the Plaintiff or such governmental agency, to the amounts due the Plaintiff in item marked "2nd", and if there be a surplus over and above said amounts due and allowed to the Plaintiff, the

Plaintiff shall pay to the Marshal's Deed the amount of such surplus, and the Marshal shall deposit said surplus as hereinabove directed.

The Marshal shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to the Plaintiff with the expenses, interests and costs as aforesaid, the Marshal shall specify the amount of such deficiency in his report of sale; and it is further

ORDERED AND ADJUDGED, that the purchaser at said sale be let into possession on production of the Marshal's deed; and it is further

ORDERED AND ADJUDGED, that each and all of the Defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the Notice of the Pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.

The following is a description of said mortgage premises hereinbefore mentioned:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Southampton, County of Suffolk and State of New York, shown and designated as Lot No. 14 on a certain map entitled "Amended Map "A" of Sherman Manor" filed in the Office of the Clerk of the County of Suffolk on the 15th day of May 1930, as Map No. 879.

The said premises are also known as 215 Little Fresh Pond Road, Southampton, New

York.

Together with all right, title and interest of the owner, if any in and to the land lying in the streets and roads in front of and adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

*Plaintiff is directed to serve a copy of this Judgment of Foreclosure and Sale on Defendants and file proof of service on ECF within fourteen (14) days.*

Dated: Central Islip, New York
JAN. 10, 2018

/s/ JOANNA SEYBERT
HONORABLE JOANNA SEYBERT
United States District Judge

7